**FILED**
**Jun 05, 2018**
**08:16 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| Timothy Hoss, | ) | Docket No. 2018-02-0051 |
| Employee, | ) | |
| v. | ) | |
| ASR Metals, | ) | State File No. 87088-2014 |
| Employer, | ) | |
| And | ) | |
| Technology Ins. Co., | ) | Judge Brian K. Addington |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER GRANTING REQUESTED RELIEF

Timothy Hoss filed a Request for Expedited Hearing, which this Court heard on May 30, 2018. Mr. Hoss requested medical benefits for a back injury that occurred on October 29, 2014. The issues are whether Mr. Hoss's need for medical treatment is causally related to the October 29 event and whether spinal surgery and facet injections are medically necessary and reasonable to treat the injury.[1] For the reasons below, the Court grants the requested relief at this time.

### History

Mr. Hoss worked at ASR Metals as a truck driver and sustained significant injures in the course and scope of his employment on October 29, 2014. ASR Metals supplied authorized medical treatment with emergency physicians, an orthopedist, and a neurosurgeon.

Dr. Morgan Lorio, an orthopedist, served as Mr. Hoss's first authorized spinal specialist. After noting Mr. Hoss' work injuries and prior L4-5 spinal fusion, Dr. Lorio recommended decompression surgery. ASR submitted the recommendation to Dr.

---

[1] Mr. Hoss also requested payment of two medical bills but did not present medical records to support the bills. ASR Metals did not strictly oppose payment of the bills but asked the Court to give the parties time to review the medical records before making a decision. The issue concerning payment of the bills is reserved. The parties may file a request for hearing if the need arises.

1

Trenton Gause, orthopedist, for utilization review. Dr. Gause found the recommendation was not medically necessary. Mr. Hoss appealed the determination to the Bureau's Medical Director, who agreed with Dr. Gause. Mr. Hoss did not appeal this decision.

Subsequently, Dr. Lorio moved to Nashville, and ASR provided Mr. Hoss with a new panel of physicians from which he chose Dr. Jim Brasfield, neurosurgeon. Dr. Brasfield first saw Mr. Hoss in November 2017, and Mr. Hoss shared his history with him, including his pre-injury spinal surgery and treatment with Dr. Lorio. Mr. Hoss complained he could no longer drive a truck because of back and right-leg pain. Because it had been several years since Mr. Hoss's last MRI, Dr. Brasfield ordered a lumbar myelogram, nuclear whole body scan, and right-leg EMG.

Following the tests, Dr. Brasfield noted the myelogram indicated moderate to severe stenosis at L2 and moderate stenosis at L3; the nuclear whole body scan was normal; and the EMG suggested right L5-S1 radiculopathy. Dr. Brasfield believed that Mr. Hoss suffered 1) facet pain and arthropathy as indicated by the post-myelogram CT scan and 2) stenosis at L2 and L3. Dr. Brasfield recommended a L2-L3 MIS decompressive hemilaminectomy and right and left L5-S1 percutaneous facet injections.

ASR Metals sent Dr. Brasfield's recommendation to its Utilization Review physician Dr. Kimberly Terry. Dr. Terry determined the imaging indicated pre-existing and unrelated degenerative disc disease with some stenosis but no focal nerve root impingement, and these findings were not consistent with radiculopathy caused by the accident. She also determined the recommended procedures were not medically necessary because 1) there was no focal impingement; 2) there was no electrodiagnostic evidence of radiculopathy stemming from the L2-3 or L3-4 nerve roots; and 3) facet injections in addition to decompression are not supported by current literature. Based on this report, ASR Metals denied the procedure. Mr. Hoss did not appeal the denial to the Bureau's Medical Director.

In response to the denial, Dr. Brasfield reaffirmed his opinion that surgery was necessary to address Mr. Hoss's complaints. He also noted that he would not continue to treat Mr. Hoss with medication when surgery was indicated. Dr. Brasfield also signed a letter stating that the surgery was necessary and causally related to Mr. Hoss's accident.

**Findings of Fact and Conclusions of Law**

Mr. Hoss must present sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Specifically, he must show his need for surgery is causally related to the injury he suffered and necessary

and reasonable to treat his injury.[2]

There is no dispute that Mr. Hoss suffered a significant back injury on the date in question. The physicians noted he suffered a L3-4 transverse fracture from the accident. There is also no dispute that Mr. Hoss underwent a pre-injury fusion at L4-5. Mr. Hoss testified that after follow-up and release from that surgery he performed his job at ASR Metals without pain or restriction. The medical records also indicate he returned to work after the current injury but in June 2017 his back and leg pain rendered him unable to drive.

Dr. Brasfield is the authorized panel physician. As such, his opinion is presumed correct on the issue of causation. Tenn. Code Ann. § 50-6-102(14)(E). Further, his treatment recommendations are presumed to be medically necessary. Tenn. Code Ann. § 50-6-204(a)(3)(H). These presumptions can be overcome by the preponderance of the evidence.

Concerning causation, ASR Metals introduced Dr. Terry's opinion to rebut Dr. Brasfield. Their qualifications are similar, and both have reviewed all the medical history and each other's opinions. However, Dr. Brasfield has personally examined Mr. Hoss and discussed his issues with him. Mr. Hoss's testimony that before the accident in October 2014 he was able to perform his job without restriction supports Dr. Brasfield's opinion that Mr. Hoss's current back complaints are causally related to the accident. Thus, the Court finds that ASR Metals has not rebutted Dr. Brasfield's causation opinion by the preponderance of the evidence.

Concerning medical necessity, ASR again relied on Dr. Terry to rebut Dr. Brasfield's opinion. The physicians disagreed whether the testing indicated radiculopathy and facet arthropathy. Because she found no radiculopathy or facet arthropathy, Dr. Terry felt surgery was not medically necessary. Again, physicians with similar qualifications and the same information came to separate conclusions. However, the Court adopts Dr. Brasfield's opinion because Dr. Terry's opinion, standing alone, does not rebut Dr. Brasfield's opinion by the preponderance of the evidence.

In conclusion, Mr. Hoss presented sufficient evidence to establish he is likely to prevail at a hearing on the merits regarding whether his need for medical treatment is causally related to his compensable injury and whether spinal surgery and facet injections are medically necessary and reasonable.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Mr. Hoss's requested relief is granted at this time.[3] ASR Metals shall

---

[2] The parties did not depose either expert. The Court gleaned their opinions from the medical records.

3

schedule the L2-L3 MIS decompressive hemilaminectomy and right and left L5-S1 percutaneous facet injections with Dr. Brasfield.

2. The Court sets this for a Scheduling Hearing on **August 20, 2018, at 10:00 a.m. Eastern Time.** You must call 855-543-5044 to participate in the Hearing. Failure to call may result in a determination of the issues without your further participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED June 5, 2018.**

_/S/ Brian K. Addington_
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

---

[3] Mr. Hoss filed a request for attorney fees, but he did not file an affidavit in support of the request or an accounting. The Court reserves this issue for the Compensation Hearing if the parties are unable to reach an agreement.

4

# APPENDIX

**Exhibits:**
1. Affidavit of Timothy Hoss
2. Employer's First Report of Injury
3. Wage Statement
4. Utilization Review Peer Review Determination-December 2016
5. Utilization Review Peer Review Determination-March 2017
6. Utilization Review Appeal Determination-April 2017
7. Chronological Table of Contents and Collective Exhibits

**Technical record:**
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion for Attorney's Fees and Costs
5. Notice of Expedited Hearing
6. Employer's Motion to Compel Discovery
7. Employee's Responses to Employer's First Set of Interrogatories and Requests for Production
8. Order Denying Motion to Compel
9. Employer's Position Statement
10. Objection to Defendant's Doctor's Opinion

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to the following recipients by these methods of service on June 5, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Frankie L. Slaughter, Employee's Counsel | | | X | flsjrlaw@yahoo.com |
| Fredrick R. Baker, Employer's Counsel | | | X | fbaker@wimberlylawson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5